*Ex Parte* John Jordan.

---

### Ex Parte John Jordan.

*Conviction and sentence under unconstitutional law—last sentence to to take effect after expiration of first.*

Where a prisoner was convicted and sentenced for two offenses, the second sentence to take effect after the expiration of the first, and the law under which he was convicted and sentenced for the first offense was declared unconstitutional while he was serving his first sentence. *Held,* That the prisoner was entitled to a discharge, for the first sentence was a nullity, and as the second was to take effect after the expiration of the first, it was void for uncertainty.

*Decided December* 16, 1885.

PROCEEDINGS on *habeas corpus.*

*W. L. Granger* for Jordan.

GOEBEL, J.

The prisoner, on the 27th day of December, 1884, was convicted in the Police Court of this city on a charge of having burglar's tools in his possession, and was sentenced to the Work-house for twelve months

and to pay a fine of $100. On the same day, in the same court, he was tried and convicted on the charge of carrying concealed weapons, and was sentenced to pay a fine of $200 and costs, and stand committed until the fine and costs were paid. The last sentence was to take effect after the expiration of the previous sentence.

The prisoner now applies for a writ of *habeas corpus*, and asks to be discharged, for the reason that the law under which he was convicted and sentenced (namely, for having burglar's tools in his possession), was declared unconstitutional in May 1885; *ex parte* Falk, 42 O. S. 638; that the time of sentence under the second charge began and took effect at that date, and that by reason thereof he has now worked out the fine and costs under the second sentence, he being relieved from serving the remainder of the first sentence by the act being declared unconstitutional; and that he is now illegally restrained of his liberty by the Superintendent of the Work-house.

The question that presents itself is, When did the sentence on the second charge take effect? I can not agree with the counsel for the prisoner that the second sentence took effect at the time the act was declared unconstitutional, namely, in May, 1885.

I am of the opinion that the act under which the prisoner was tried, convicted and sentenced for having burglars' tools in his possession having been declared

*Ex Parte* John Jordan.

unconstitutional, affected the proceedings from the beginning.

An unconstitutional law is void, and is no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and absolutely void, and can not be a legal cause of imprisonment.

If there was no law, and no conviction could have been had under it, it must follow that the conviction and sentence were illegal and void on the 27th day of December, 1884. If that be true, it must follow that he was not serving his term on the first sentence at any time since there was no law, no trial, no sentence, no term to serve. The second sentence began, then, on the 27th day of December, 1884, if it began at all, and under the rules he has worked out his fine and costs under such sentence.

But were I mistaken in this conclusion, I would further hold that the second sentence, which provides that the same shall take effect after the expiration of a previous sentence is void for uncertainty. The word "expiration," used in the commitment, means not an expiration of a previous sentence as a matter of fact, but the expiration of a sentence as matter of law. As matter of law, there was no sentence. There never was a commencement of any such sentence, and necessarily there could not be any expiration of it.

Whether or not the prisoner ought to be taken to the police court and re-sentenced on the second charge, is not for me to determine. It is sufficient for me to say that under the commitments the prisoner is entitled to his discharge.